| | | | |
|---|---|---|---|
| Case No. | SACV 19-495 JVS(JDEx) | Date | 11/1/2019 |
| Title | Wael Salim Elhalwani v. Ziad Bourji, et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS]** Minute Order Regarding Motion for Entry of Default Judgment and Issuance of Permanent Injunction

Plaintiff Wael Elhalwani ("Elhalwani") filed a motion for entry of default judgment and issuance of permanent injunction against Defendant Ziad Bourji ("Bourji") and filed the declarations of Daniel H. Ngai ("Ngai Decl.") and Mohamad B. Hariri ("Hariri Decl.") in support thereof. Mot., ECF No. 34; Ngai Decl., ECF No. 34-1; Hariri Decl., ECF No. 34-2.

For the following reasons, the Court **DENIES** the motion for entry of default.

## I. BACKGROUND

On March 13, 2019, Plaintiff filed his Complaint. Complaint, ECF No. 1. On March 19, 2019 Plaintiff filed a First Amended Complaint ("FAC"), which is the operative complaint. FAC, ECF No. 18.

The FAC alleges the following. On or about July 9, 2015, Elhalwani and Bourji entered into a worldwide Exclusive Cooperation Contract ("Agreement") wherein Elhalwani would provide Bourji with production and promotion services "in exchange for exclusive rights to Bourji's performances, as well as a percentage of revenue from said performances." FAC ¶ 40. A copy of the Agreement and a certified English translation of the Agreement was attached to the FAC as Exhibits 1 and 2, respectively. The term of the Agreement was for ten years of the date of execution, or until July 9, 2025. FAC ¶ 45.

Bourji agreed to perform a series of eight concerts throughout the United States

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-495 JVS(JDEx) | Date | 11/1/2019 |
| Title | Wael Salim Elhalwani v. Ziad Bourji, et al. | | |

organized by defendants Wanna Investments II, Inc. and Tony Wanna (collectively, "Wanna") during the month of March 2019. FAC ¶ 47. Bourji alleges that on March 9, 2019, Bourji performed at a Wanna concert in San Francisco, California without Elhalwani's authorization thereby breaching the Agreement. FAC ¶ 13.

Elhalwani brings five claims of relief. See generally, FAC. As against Bourji, Elhalwani brings a claim for breach of written contract, declaratory relief, and equitable accounting. Id. Elhalwani has since dismissed his claims against all other defendants.

Bourji was served a copy of the FAC in person on March 23, 2019 at the Ford Community and Performing Arts Center in Michigan by Jeffrey M. Clyburn ("Clyburn"), an investigative consultant and independent contractor for Recon Management Group, LLC. Proof of Service and Affidavit, ECF No. 21. Clyburn asserts that at 8 PM on March 22, 2019 he arrived at the venue and made contact with the onsite Security Director and advised him that he was there to serve Bourji. Id. at 3. Clyburn was then contacted by the Bourji's road agent who asked him to delay service until after the conclusion of Bourji's performance at the venue. Id. The road manager then took a photo of the Clyburn and informed him that he would pass it on to Bourji so that he would know what Clyburn looked like once Clyburn approached him to complete service. Id. After making eye contact with Bourji on several occasions prior to Bourji's performance, Clyburn approached Bourji once the performance ended at 1:50 AM on March 23, 2019 as Bourji exited the venue towards a running and waiting vehicle. Id. at 3-4. Clyburn told Bourji he was being served and then attempted to hand him the document. Id. at 4. Bourji ignored Clyburn as he extended the documents and allowed the documents to touch his back as they fell to the ground. Id. Bourji "then immediately stopped, picked up the documents and entered the awaiting vehicle." Id.

## II. LEGAL STANDARD

### A. Default Judgment

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-495 JVS(JDEx) | Date | 11/1/2019 |
| Title | Wael Salim Elhalwani v. Ziad Bourji, et al. | | |

1. Procedural Requirements

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure. Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint. Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form. Fed. R. Civ. P. 55(a). Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party. Fed. R. Civ. P. 55(b)(2).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when the clerk entered a default, (2) who the clerk entered the default against, (3) whether the defaulting party is an infant or incompetent, (4) whether the defaulting party is a member of the U.S. military; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Rule 55(b)(2). L.R. 55-1.

2. Substantive Requirements

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the defendant's default was because of excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

**B. Permanent Injunction**

The standard for determining whether a permanent injunction should be granted is "essentially the same as the standard for a preliminary injunction, except that the court determines the plaintiff's success on the merits rather than the plaintiff's likelihood of success on the merits." Amoco Prod. Co. v. Village of Gambell, Alaska, 480 U.S. 531, 546 n.12 (1987). To obtain a permanent injunction, a plaintiff must demonstrate:

(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). The Court's "decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." Id.

### III. DISCUSSION

**A.  Default Judgment**

1.  Procedural Requirements

As a threshold issue, Elhalwani satisfies Local Rule 55-1. Elhalwani represents to the Court that: (1) the Court entered default against Bourji on April 26, 2019; (2) the pleading to which default was entered is the FAC filed on March 19, 2019; (3) Bourji is not an infant or an incompetent person; and (4) the Servicemembers Civil Relief Act does not apply. Ngai Decl. ¶¶ 1, 3-7. Bourji has not appeared in this action and therefore, Elhalwani was not required to serve him with notice of his motion.

The Court therefore considers whether the Eitel factors favor a default judgment.

2.  Substantive Requirements

(A)  *Possibility of Prejudice to Plaintiff*

The first factor favors default judgment because Elhalwani has expended effort and incurred costs and fees in prosecuting this action. The Court entered default against Bourji on April 26, 2019, and Bourji has continued to be nonresponsive since the entering of default. As such, the Court finds that the first Eitel factor favors default judgment.

(B)  *Substantive Merits and Sufficiency of the Complaint*

    Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover.  See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498–99 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)).

    The FAC alleges a breach of a written contract between Elhalwani and Bourji (the "Agreement").  FAC ¶57-65.  To state a claim for breach of contract, "a plaintiff must plead: (1) the existence of a contract; (2) the plaintiff's performance or excuse for non-performance; (3) the defendant's breach; and (4) damages to the plaintiff as a result of the breach."  Lyons v. Bank of Am., N.A., No. C11-01232 CW, 2011 WL 3607608, at *2 (N.D. Cal., Aug. 15, 2011) (citing Armstrong Petrol. Corp. v. Tri–Valley Oil & Gas Co., 116 Cal. App. 4th 1375, 1391 n.6 (2004)).

    Elhalwani provided a copy of the notarized agreement and a certified translation in his FAC.  FAC, Ex. 1, 2.  Article Five of the Agreement provides that Bourji was not to perform any artistic work without Elhalwani's consent.  Id. at Ex. 2.  Pursuant to Article Seven of the Agreement, Elhalwani was not to perform any songs for the benefit of anyone other than Elhalwani.  Id.  Breach of such Agreement entitles Elhalwani to $500,000.  Id.  Elhalwani contends that he performed all conditions, covenants and promises under the Agreement.  FAC, ¶ 61.

    Elhalwani alleges that Bourji breached the Agreement by performing at concerts for Wanna and failing to give Elhalwani the allotted share of revenue from such concerts.  FAC, ¶ 62.  In support, Elhalwani provides a copy of marketing materials promoting Bourji's performances at the Wanna concerts.  FAC, Ex. 3.  Additionally, Elhalwani notes that Bourji was served on March 23, 2019 after performing at the Wanna concert in Detroit.  Mot., 8; Proof of Service and Affidavit, 3.  The affidavit of process server Jeffrey M. Clyburn evidences that Bourji performed at the venue where he was served on the evening of May 22, 2019.  Proof of Service and Affidavit, 4.

    Elhalwani also argues that the Agreement is valid and enforceable under Lebanese law.  Mot. 13.  He provides the Declaration of Mohamad B. Hariri in support thereof.  See generally, Hariri Decl.  Hariri is an attorney licensed to practice in the Lebanese Republic who has been practicing law for twenty-two years.  Hariri Decl. ¶ 1.  Hariri

reviewed the original arabic version of the contract and opined that the contract "is valid and enforceable under Lebanese law." Id. ¶ 4.

Thus, Elhalwani adequately stated a claim for breach of contract in the FAC. For the foregoing reasons, the second and third Eitel factors weigh in favor of entering default as to Elhalwani's claim.

### (C) Sum of Money at Issue

The fourth Eitel factor examines whether a sum of money at stake is proportionate to the plaintiff's harm. Landstar Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Elhalwani seeks $500,000 in liquidated damages and injunctive relief. FAC, ¶ 44. In California, liquidated damages clauses are presumed valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable at the time it was made. Cal. Civ. Code § 1671.

Elhalwani argues that actual damages may have exceeded $500,000 here because Bourji performed at least eight concerts in violation of the Agreement. Mot. 11. Thus, Elhalwani contends that if Bourji continues to perform in breach of the Agreement, Elhalwani will be deprived of additional revenues he would have been entitled to under the Agreement. Id. This is especially so because the term of the Agreement is for ten years. Id.; FAC, Ex. 2, Article 3.

However, other than his attorney's arguments in the motion at issue, Elhalwani has failed to provide any evidence supporting the contention that the amount of money at stake is reasonable.[1] Elhalwani has not provided any reference point the Court could use to determine if the sum of money at stake is proportionate to his harms such as a declaration detailing the revenues he would have been entitled to from Bourji's performances or has earned from Bourji's past performances. Thus, the fourth Eitel factor weighs heavily against entering default as to Elhalwani's claim.

### (D) Possibility of a Dispute Regarding Material Facts

---

[1] The Court notes that Elhalwani's arguments as to why he has been irreparably harmed by Bourji's performances fail for the same reasons. See Mot. 12.

Elhalwani contends that the possibility of a dispute regarding material facts is minimal since despite Bourji being properly served with the FAC and there being some evidence that he attempted to evade service because Bourji's staff "went to great lengths to delay and complicate the process server's attempt" at service of the FAC, Bourji has made no attempts to respond to the FAC, contact Elhalwani, or set aside default.  Mot. 9; see Proof of Service and Affidavit, 3-4 (Describing the process server having to wait six hours to serve Bourji, and despite the process server having been told by the road manager that he could serve Bourji after the concert,  Bourji exited through a different door and towards a running vehicle, and Bourji letting the service papers fall to the ground after the process server had identified himself and his purpose.)

The Court agrees.  Elhalwani filed a well-pled complaint establishing his claims, the court clerk entered default against Bourji and no dispute has been raised.  The likelihood that a genuine issue may exist is therefore minimal.  Accordingly, this factor favors entry of default.

### (E) Excusable Neglect

"Due process requires that all interested parties be given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered." Phillip Morris, 219 F.R.D. at 500-01 (citing 501 Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  Excusable neglect is unlikely when a defendant is properly served and, therefore, aware of a plaintiff's pending action in court. Wecosign, Inc., v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012).

Here, Bourji received notice of the FAC having been served in person.  Proof of Service and Affidavit, 3-4.  Bourji failed to answer the FAC and has not appeared in this action despite the FAC being served on March 23, 2019.  Id.  Given the extended period of time that has elapsed and the evidence that Bourji and his team may have attempted to avoid service of process, the default did not result from excusable neglect.  Accordingly, this factor weighs in favor of entry of default.

### (F) Policy

"Cases should be decided upon their merits wherever possible." Eitel, 782 F.2d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-495 JVS(JDEx) | Date | 11/1/2019 |
| Title | Wael Salim Elhalwani v. Ziad Bourji, et al. | | |

1472. However, failure to appear makes it impractical for the Court to make a decision on the merits. Penpower Tech. Ltd. v. S.P.C. Tech., 627 F.2d 1083, 1093 (N.D. Cal. 2008). Here, Bourji has failed to respond. Thus, this factor does not preclude default judgment.

Although Elhalwani met the procedural requirements for entry of default judgment, after considering the Eitel factors, the Court finds that Elhalwani has not established whether the sum of money at stake is proportionate to his harm by not providing any proof that the amount of damages he seeks and that the amount of money at stake is reasonable. As a result, the Court **DENIES** the Motion for Entry of Default Judgment against Bourji.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion for entry of default subject to supplementation. The Court grants Elhalwani leave to supplement his showing with regard to damages.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |